Matter of the Estate of HERMAN SIELCKEN, Deceased.

(Surrogate's Court, New York County, November, 1919.)

Transfer tax — when executor entitled to a deduction from net estate to meet contested claims — executors and administrators.

> Where in a transfer tax proceeding it appears that two suits had been brought against the executor by reason of decedent's alleged liability, one for nearly a million dollars by a corporation, and that in the other action judgment had been recovered by the plaintiff, to satisfy which and the expense of defending the action more than $60,000 will be needed, the executor is entitled to a deduction from the net estate of $1,000,000 which he retained to meet the contested claims, the gross value of the estate being over $4,000,000.
>
> In the event that the recovery in the pending action is less than the amount so retained by the executor, the state comptroller may move to fix the tax on the sum thus saved to the estate, with interest.

APPEAL from an order fixing the transfer tax.

Smith & Agate (Leonard B. Smith, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S.   This appeal is taken by the executor of the estate of the decedent from the report of the transfer tax appraiser and the order fixing the tax on the ground that the appraiser has determined the net value of the estate without deduction or allowance for two claims aggregating, without interest, the sum of $981,520.84.

The gross value of the estate as found by the

appraiser was $4,253,337.07. Two suits have been brought against the executor by reason of decedent's alleged liability, one by the Woolson Spice Company for $931,520.84, and the other by Agnes McF. Roberts for $50,000. In the latter case judgment for the full amount was recovered by the plaintiff, which, with interest and the expense of defending the action, will amount to more than $60,000. No determination of the suit involving the large amount has been reached.

The transfer tax appraiser reports that the executor of the estate of decedent has retained the sum of $1,000,000 in cash to meet the contested claims above set forth. He, however, fixes the value of the net estate without regard to the sum so reserved, although in his report and in the order assessing tax provision is made for the " suspension " of the two claims.

The executor contends that the appraiser should have deducted from the value of the assets of the estate as found by him a sum sufficient to provide for the liquidation of the claims. I think his contention is correct. This was held to be the proper procedure in *Matter of Westurn,* 152 N. Y. 93, 103.

The attorney for the state comptroller expresses doubt as to the probability of the recovery against the estate of the amount which is the subject of controversy in the larger claim. It is not possible to determine on this appeal the merits of the issues involved in the suit. In the event that the recovery is less than the amount set apart the state comptroller may move to fix the tax on the sum thus saved to the estate, with interest.

The order fixing tax is reversed. The report of the appraiser will be remitted to him for the purpose of deducting the sum of $1,000,000 from the net estate as valued by him in his report, or an order may be entered

on notice providing for the assessment of the tax after making the allowance herein provided for, with proper reservations to either party for subsequent modification when the amounts in controversy have been definitely fixed.

Order reversed.